James C. Crane, J.
This court has given much consideration to this application for an order to punish the defendant for an alleged violation and contempt of a prior decree entered in an *1055 equity action between the parties on the 30th day of December, 1954.
In order that the court obtain a clear picture of the matter in controversy, inspection of the premises, on consent of the parties, was made and an attempt by the court to effect a settlement on the site was sought to no avail, because of the assertion of the claims of the parties to certain rights they believed they had in the disputed area. Consequently this court does not propose on this motion to try all over again, much less to determine, the property rights of the parties. Its only concern is to decide whether or not the defendant be adjudged in contempt of the foregoing decree.
Plaintiff and defendant are immediately .opposite abutting owners of property on the street known as Trout Place (6th St.) laid down on a certain map known as No. 540 filed in the office of the Clerk of the County of Richmond on the 18th day of January, 1897. This street is neither paved, graded, curbed, nor physically laid out with any degree of order and while marked at its northwesterly end with a street sign, it could not readily be distinguished from the surrounding terrain as such. Its general appearance would indicate vacant land. This area on the map runs at right angles from Arbutus Avenue, a paved road, southerly approximately 174 feet past the rear of plaintiff’s premises which are to the east and some further distance past defendant’s premises, which are to the west, leading to a nonexistent road. This road known as Shore Avenue is laid down on the aforesaid map and is no longer visible because of erosion and disuse, if in fact, it was ever used.
Behind defendant’s premises in the bed of Trout Place (6th St.) are trees and heavy hedges which have attained considerable height. Indisputably the hedges and trees have been there for many years, as is manifest by defendant’s statement, since 1903, and by plaintiff’s survey dated December 8, 1941. The court is of the opinion that these hedges and trees were in the bed of said Trout Place (6th St.) prior to the acquisition by plaintiff and defendant of the titles to their respective properties.
It is urged by plaintiff that the defendant has violated the terms of the aforesaid decree and should be punished accordingly by reason of the fact that in refusing to permit plaintiff to cut down the hedges he has shown contempt of this court. There are trees situate or nearly so as the hedges which are not mentioned by plaintiff in the moving papers. Thus, an examination of the judgment and decree is in order to determine in what manner defendant has violated the provisions thereof.
*1056 In the decretal paragraph (3) of the judgment and decree, to wit, “ Ordered, Adjudged, and Decreed that defendant, his agents, servants, employees and successors be and they hereby are permanently enjoined and restrained from interfering in any manner with plaintiff’s easement and right of way over and through the premises known as Sixth Street or Trout Place ”, this plaintiff places its reliance for the alleged violation and contempt by the defendant.
I find no interference in any manner by defendant, by any act of his, with such injunction provision. In fact it is the plaintiff who wishes to cut the hedges. The defendant clearly did not put the hedges there and his refusal to permit plaintiff’s men to cut the hedges may be entirely proper in the premises. Has the plaintiff the right under the decree herein to cut the hedges ? Under the circumstances, I think not. These hedges were not the subject of the foregoing provision and were not mentioned in the amended complaint nor referred to in the findings of fact or conclusions of law upon which the judgment and decree was founded. Their presence does not mean that the defendant is preventing the enjoyment by plaintiff of its right of way. Clearly, if the trees do not interfere with plaintiff’s right of way, I fail to see how the hedges can, but whether they do or do not, the defendant has done nothing, in this court’s opinion, to deserve punishment with respect to the foregoing injunctive provision.
The fourth decretal part of the judgment and decree with respect to the removal of earth on 6th Street (Trout Place) and taking down the embankment on 6th Street (Trout Place), this court believes was the primary injunctive relief sought in the original action and was concededly complied with by the defendant.
The foregoing third provision of the decree is considered by this court to be a prohibition as to any similar future acts or such other action on the defendant’s part preventing plaintiff from enjoyment of its right of way.
No other part of the decree has any relative bearing on this present matter before the court.
Therefore, for the foregoing reasons, the court can find no ground to hold this defendant in contempt of the decree made herein. Accordingly, the motion is denied in all respects.
Submit order.